[Crim. Nos. 3488, 3489. First Dist., Div. Two. Nov. 19, 1958.]

THE PEOPLE, Respondent, v. ELEANOR R. WALTERS, Appellant.

[Two Cases.]

---

*Assigned by Chairman of Judicial Council.

Michael R. Panelli, Benjamin M. Davis and Yin Soon Wong for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, and Edward K. Barnes, District Attorney (Monterey), for Respondent.

DRAPER, J.—Two indictments were returned against defendant, one charging 21 counts of grand theft, and one 2 counts of forgery. The two cases were consolidated and tried to a jury, which found defendant guilty of all 23 charges. She appeals from the judgments and from order denying new trial.

Appellant was executive director of the Monterey County Housing Authority. The 21 thefts charged against her are based on misappropriations of housing authority funds effected by false claims presented and paid for labor and materials which in fact were not furnished to the authority. One Sorensen, a partner of Custom Interiors, had pleaded guilty to charges of theft and was a witness for the prosecution in the case at bar. His testimony was that the authority checks issued to Custom Interiors in payment of these fraudulent invoices were endorsed by him for his firm and were delivered to appellant. Appellant deposited these checks to the authority account. It is the prosecution's theory that she derived personal profit either by using such deposits to cover previous shortages in her accounts, or by substituting them for cash which she withdrew from authority funds. The principal evidence to support these theft charges is the testimony of Sorensen. Clearly he is an accomplice, and the convictions can be sustained only if his testimony is corroborated. (Pen. Code, § 1111.)

The accomplice need not be corroborated as to every fact to which he testifies. (*People* v. *Santo*, 43 Cal.2d 319 [273 P.2d 249].) The corroborative evidence may be circumstantial and is sufficient, even though slight, if it tends to connect the defendant with the commission of the crime. (*People* v. *Henderson*, 34 Cal.2d 340 [209 P.2d 785].) The evidence tending to connect a defendant with the commission of the crime is adequate corroboration even though it may be slight and, standing by itself, entitled to but little consideration. (*People* v. *Negra*, 208 Cal. 64, 69-70 [280 P. 354] ; *People* v. *Harper*, 25 Cal.2d 862, 876 [156 P.2d 249].) The requirement is that the corroborative evidence "tend to connect defendant with the commission of the crime in such a way as reasonably may satisfy a jury that the accomplice is telling the truth." (*People* v. *Simpson*, 43 Cal.2d 553, 563 [275 P.2d 31]. For full review of the decisions see *People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519].)

In the case at bar the evidence amply shows that the housing authority paid for goods and work which it did not receive.

There is no denial that defendant signed the checks which paid these false bills. The sole issue is whether she participated knowingly in these thefts, or whether she innocently signed the checks in an unknowing performance of her routine duties. It is upon this crucial issue of defendant's guilty knowledge that the testimony of the accomplice Sorensen is important and requires corroboration. The jury was fully and fairly instructed as to the necessity for corroboration and the tests of its adequacy. Appellant in no way criticizes these instructions. ■ Thus the weight to be given the corroborating testimony and the resolution of conflicts therein was for the jury. This court will set aside the implied finding only if there is no substantial evidence to support the conclusion of the jury. (*People* v. *Griffin, supra,* 98 Cal.App. 2d 1, 28-29.)

■ The evidence, wholly aside from the accomplice's testimony, shows that the housing authority owned but 80 to 84 sofas, and had but 52 in use during the period the false invoices were paid. Yet Custom Interiors was paid for recovering 250 sofas in two years. Appellant was an experienced housing executive. She handled the invoices and signed the checks for these wholly disproportionate recovering jobs. The jury clearly could infer from the mere number of recoverings that defendant had guilty knowledge. Further, appellant's own testimony attempted to explain this inculpatory circumstance by pointing to a claimed use of the authority's housing facilities by successive groups of army personnel who were short-term tenants. But there was evidence that sofas were not furnished to the apartments rented by these tenants. The jury could regard this misstatement by appellant as inculpatory. Also, there was evidence that the invoices and payments of Custom Interiors were handled in a different manner than those of other suppliers. All invoices went first to appellant. The invoices of all except Custom Interiors then went to the authority's accountant, who prepared the checks. In the case of Custom Interiors, there is evidence that the checks were prepared by appellant. Still further, the only authority checks redeposited in its own bank account were those issued to Custom Interiors and to one painter. There is additional corroborating evidence, but we are satisfied that the testimony here summarized is ample, under the authorities, to meet the requirement of Penal Code, section 1111.

■ Appellant also asserts prejudicial misconduct of the prosecuting attorney. In his opening argument, the prosecu-

330

tor pointed to the rule that the prosecution must prove its case beyond a reasonable doubt, and referred to the fact that this is termed the burden of proof. He then said "It is not really a burden, because neither I nor anyone else, any conscientious person, would want to convict anyone of a crime unless we were sure beyond a reasonable doubt and to a moral certainty that the person were guilty——." Appellant here interposed an objection and motion for mistrial. The court promptly and fully admonished the jury to disregard the remark, and denied the motion for mistrial. There was no repetition of this type of argument. Appellant relies upon *People* v. *Edgar*, 34 Cal.App. 459 [167 P. 891], as requiring reversal. There is room to question whether the quoted statement injects the prosecutor's personal belief into the case in a manner to constitute misconduct. In any event, we are satisfied that the court's prompt admonition to the jury cured any error. (*People* v. *Amaya*, 40 Cal.2d 70 [251 P.2d 324]; *People* v. *Zirbes*, 6 Cal.2d 425, 429 [57 P.2d 1319].)

Judgments and order affirmed.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.